# Wheeling.

GEORGE W. HUTCHINSON *et al. vs.* GRANDISON C. LANDCRAFT.

## January Term, 1870.

1. An appeal can be taken by a personal representative as of right, in like manner as other suitors, under chapter 136, Code of West Virginia. And a petition to this court or a judge thereof, by a personal representative is not necessary, unless he would be relieved from giving the undertaking required by that chapter.

2. An order is made requiring a complainant to file a new injunction bond with additional security, within twenty days, or the injunction should stand dissolved; at the same time a motion to dissolve, made by the defendant, is refused. The defendant appealed to this court before the time for filing the new bond expired, and the complainant filed the bond within the twenty days. A motion made here to dismiss the appeal, because it it was taken before twenty days expired, was denied.

3. It is within the power of a judge of the circuit court to make an order requiring a complainant to give a new injunction bond with additional security, in vacation.

4. Where a bill of injunction is filed in, and process issues thereon from the clerk's office, it is a case pending in court within the letter and spirit of chapter 136, Code of West Virginia, and an appeal will lie to this court from an order of the judge of the circuit court, made in vacation, in relation thereto.

5. If a debtor obtains an injunction, and therein only sets up matter of defense to a specified part of the debt, it is error to refuse to dissolve as to the part not so specified.

6. The act of February 15th, 1868, prohibiting persons who were engaged in the rebellion from recovering interest during the war, and while they were enemies, is not unconstitutional.

Grandison C. Landcraft, on the 13th of October, 1869,

filed a bill in the clerk's office of the circuit court of Monroe
county, averring that he had executed a deed of trust in
1858, on certain real estate, to secure the payment of 1400
dollars, due to one J. H. Alexander; that one George W.
Hutchinson was the trustee in the deed; that he had made
sundry payments on the debt; that Alexander had departed
this life and Allen T. Caperton was appointed his adminis-
trator; that the latter had advertised the whole of the land
to be sold on the 28th of October, 1869, to collect the
whole sum of money due thereon, without making any
deduction for the interest during the period of the late
rebellion. The bill further alleged that Alexander, whilst
he was the owner and holder of the debt secured by the
trust, gave voluntary aid to the rebellion from the 17th
of April, 1861, to the 9th of April, 1865, and that the
trustee, moved thereunto by Caperton, threatened to sell
the land to raise the whole sum due, or supposed to be
due, on the trust, without making any deduction for the
period of time during which Alexander was giving aid
to the rebellion, and thereby 300 dollars more was required
to be raised than should be, according to the act of the leg-
islature passed in 1868.* [Session acts, p. 89.]

---

*Be it enacted by the Legislature of West Virginia:

1. That no interest upon any debt contracted or liability incurred prior to
the first day of April, eighteen hundred and sixty-five, shall hereafter be re-
coverable in any action or suit, in any of the following cases:

I. Where, during the late rebellion, the real owner or holder of such debt
or liability, while he was such owner or holder, was engaged in armed hostility
against the United States, or this State; for the time he was so engaged.

II. Where, during said rebellion, such real owner or holder of such debt or
liability, while he was such owner or holder, in any way gave voluntary aid
to said rebellion; during the time he was so aiding the said rebellion.

III. Where, during the said rebellion, such real owner or holder of such debt
or liability, while he was such owner or holder, was a voluntary resident within
the military lines of the so-called Confederate States of America, beyond the
boundaries of this State; during the time of such residence.

IV. Where, during the said rebellion, such real owner or holder of such
debt or liability, while he was such owner or holder, was in sympathy with
said rebellion, and voluntarily left his home and went within the military
lines of the so-called Confederate States of America; for the time he remained
within said lines.

2. Any person owing any such debt or liability may tender the owner thereof
the principal sum due and the interest recoverable thereon, and if such owner
shall refuse to receive the same, no costs shall be recovered by the plaintiff in

The bill asked that the trustee be restrained from selling the land until the future order of the court, and that he be not permitted to sell at all until he made the proper abatement. Caperton was also made a party defendant. The bill was endorsed, "Injunction allowed," &c., "October 14th, 1869," as appears by the printed record, but the manuscript record showed it to have been "October 13th, 1869."

Caperton gave notice to dissolve, at chambers, on the 27th of October, 1869, on the ground that administrators were not within the purview and meaning of the statute; and that the statute was repugnant to the constitutions of the United States and West Virginia, and therefore void. He also gave notice that on the 27th of October, 1869, he would, at chambers, move for new and additional security on the injunction bond.

It was ordered at chambers, on the 27th of October, to be entered of record in the chancery order book of Monroe county, that the motion to dissolve was overruled, and that the motion to increase the penalty of the bond was sustained; and the complainant was required to give a new bond in twenty days from that time, or the injunction should stand dissolved. A bond was filed in accordance with this order, on the 13th of November, 1869.

Caperton filed a notice in the clerk's office, and an under-

any action thereafter brought for the recovery thereof, but the defendant in any such action or suit shall recover from the plaintiff therein all the costs incurred by him in his defence to such action or suit. And where any action or suit has been commenced, and is now pending, for the recovery of any such debt or liability, the defendant may tender to the plaintiff therein the principal sum due and the interest recoverable thereon, together with the costs which have accrued therein up to the time of such tender, and if the plaintiff shall refuse to receive the same, he shall not recover from the defendant any costs incurred in such action or suit after such tender; but the defendant in such cases shall recover from the plaintiff all the costs incurred by him in his defence after the date of such tender. In either event, the defendant shall be entitled to a credit upon the judgment of the plaintiff, for the amount of costs so recovered by him, and if such costs exceed the amount of the judgment of the plaintiff, the defendant may enforce the payment of such excess by execution; provided, however, that no defendant in any such action or suit, shall avail himself of the provisions of this act, unless he shall file with his plea or answer, an affidavit that he never in any way gave voluntary aid to the late rebellion against the United States.

taking, for the purpose of procuring an appeal to this court, on the 3d of November, 1869, from the order granting the injunction, and also from the order refusing to dissolve the same.

Hon. N. Harrison, judge of the circuit court of Monroe county, presided on the hearing of the cause.

*Hereford* and *Tibbets* for the appellants.

*First.* The court erred in granting an injunction against the whole debt; the bill showing that only a small part, if any, of the debt was not due.

*Second.* There is no legal evidence of any affidavit to the bill.

*Third.* The law of West Virginia, saying, that interest, under the circumstances alleged in the bill, shall not be recoverable, is unconstitutional. It impairs the obligation of contracts. Cooley's Con. Lim., p. 289, *et seq.;* 7 Minn., 1; 8 Minn., 116–17; 15 Wis., 28; 24 Ark., 161; 7 Wallace, Sup. Court U. S., 453; 1 Peters' Circuit Court Rep., 496, 3 Washington's Circuit Court Rep., 396.

*Davis* for the appellee.

This case is improperly on the docket. The notice of appeal is from an order of Judge Harrison, made on the 13th of October, 1869. There is no such order made by Judge Harrison.

On page 5 of the record, it seems the Judge made an order on the 14th of October, 1869, for an injunction.

As appears by this record, the only other order made by the Judge, was that made on the 27th of October, 1869.

There being then no notice of appeal from the order allowing the injunction, nor from the order refusing to dissolve the injunction, the cause is improperly on the docket, and should be dismissed or stricken from the docket.

But, even if the notice were regular, it was not compe-

tent to the party to give it on the 5th of November. The motion to dissolve was made by the defendants, and the order made on the 27th of October was on the motion of the defendants. That order gave Landcraft, the plaintiff, twenty days within which to give a new bond. That was done on the 13th of November, 1869. After (and not before) that was done within the twenty days, could the defendants take an appeal. For the order was not effective until the bond was given, or the twenty days had expired.

It is deemed unnecessary to discuss the merits of this case, as the Judge had no power to dissolve the injunction in vacation. By the Code of West Virginia, as reported to the legislature, chapter 133, section 12, page 632, the power was conferred on the Judge in vacation to dissolve an injunction. By the Code as passed, this section was stricken out, and there was no law in existence at the time the Judge heard this cause, that gave him the power to dissolve an injunction in vacation. See the Code of West Virginia, page 632. And the appeal should be dismissed.

BROWN, *President.*

There was a motion to dismiss the appeal on several grounds. The first of which is, that the statute, (Code of West Va., chap. 136,) does not, as alleged, allow a personal representative to appeal as of right, but only on petition to this court or a judge thereof. But there is nothing in this objection, because the first section of the act allows appeals generally on the terms prescribed; and section ten only requires the personal representative to apply by petition to this court, or a judge thereof, who would be relieved from giving the undertaking required in the second section. This is cumulative and not a limitation on the right of appeal given in the first section. The administrator in this case, did not choose to avail himself of the privilege of applying for an appeal without giving bond, but gave the bond and perfected his appeal, as he might do under the first, second and third sections.

Another ground alleged for the motion to dismiss is, that the notice to the appellee, of the appeal, is of an appeal from an order of the judge granting an injunction, dated October 13th, 1869; when it is claimed that the order was dated October 14th, 1869. But this objection is removed by an inspection of the manuscript record, by which it appears that the true date was October 13th, 1869, and the apparent variance was a misprint in the printed record; and thereupon it was claimed for the appellee that the case should be continued for want of a correctly printed record; but the continuance is refused because it would be an unnecessary delay and expense to no useful purpose, as the court will inspect the record in such case.

Another ground alleged for dismissing the appeal is, that the appeal was taken from the order of October 27th, 1869, refusing to dissolve the injunction if a new bond with security be not given in twenty days from date of the order, and before the time expired for giving the bond required, the appeal was taken.

The bond was given within the time, and the refusal to dissolve, thereby became effectual. It was not necessary for the party so enjoined to wait till the bond was given, but might give his notice of appeal at once, as was done in this case. It is said there is no authority for the judge, in vacation, to dissolve an injunction; the statute, Code 1860, chapter 179, section 12, allowing the same, having been omitted from the Code of West Virginia, and repealed. But the order in this case did not dissolve the injunction in fact, but so far as it required the complainant to give additional security, it was within the powers of the chancellor.

Another ground alleged for dismissing the appeal is, that no appeal lies from the order of the judge in vacation granting the injunction. But the case is clearly within the reason and equity of the statute: Code of W. Va., chap. 136; and from the filing of the same with the clerk of the circuit court of Monroe county, and the issuing of process thereon

in chancery, from said clerk's office, it was a case pending in said circuit court, and within the letter, as well as the spirit, of the statute.

I think, therefore, that the motion to dismiss the appeal should be overruled.

On the merits of the case, several errors are assigned by the appellants.

And, first: That the court erred in granting an injunction to the *whole* debt, when the bill showed that only a small and specified *part* of it was not due, as claimed by the complainant. This error is well assigned, because a party ought not to have his whole debt delayed, when the debtor only sets up matter of defence to a specified part. At most the injunction should have been allowed to the part so specified, and to that part only.

As to the validity of the act of 1868, prohibiting persons engaged in the rebellion from recovering interest accruing during the war, and while they were enemies, it is sufficient to say, that it invades no vested right of the enemy in that particular, for he had no right while such enemy, to have or demand interest accruing to him during the war, from a citizen not such enemy. Interest can only arise on contract or on law, and none such can be implied by law while the relation of friend on the one side, and enemy on the other, existed between the parties. See opinion of Pendleton, in *McCall* vs. *Turner*, 1 Call, 122; *Mutual Insurance Company* vs. *Supervisors of Berkeley*, *infra*. So far, therefore, as the act prohibits the collection of interest for the period of the war, and the plaintiff's relation as enemy, I think it is valid. I think, therefore, that the order granting the injunction, after it was filed in the clerk's office of the court, and process issued thereon, and thus became a cause in court, ought to be reversed, so far as it granted the injunction restraining the defendants beyond the 300 dollars claimed by the plaintiff not to be due, nor owing from him on the said debt, and the injunction should be dissolved accordingly, and re-

Jan'y Term,       Hutchinson *et al.* *vs.* Landcraft.       1870.

tained only as to the said 300 dollars, or so much as the interest on the debt will amount to from April 17th, 1861, to April 9th, 1865, that being the time stated in the bill during which appellant was engaged in the rebellion, so controverted in the bill. And the appellant should have his costs in this court, and the cause should be remanded to the court below for further proceedings.

The other judges concurred.

DECREE REVERSED.